UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BONNIE RAY TILLMAN                    CIVIL ACTION NO. 10-cv-1411

VERSUS                                JUDGE HICKS

WINN CORRECTIONAL CENTER              MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

The Bossier Parish District Attorney, on September 1, 2004, filed a bill of information that charged Bonnie Ray Tillman ("Petitioner") with DWI 4th offense. Petitioner failed to appear at a court hearing set in November 2004. The court ordered his bond forfeited and issued a bench warrant. Petitioner was at some point arrested and jailed in Texas on unrelated charges, but he soon returned to Louisiana and was placed under the supervision of his parole officer in February 2005. He was incarcerated in a Louisiana facility by April 2005, and he did not make an appearance in the Bossier DWI proceedings until July 2006.

Petitioner's counsel filed a motion to quash the charge on the grounds that it was untimely under the requirement of La. C. Cr. P. art. 578 that the State bring the defendant to trial within two years of the institution of the prosecution. The trial court entertained lengthy argument regarding the application of the code article, as well as the provisions for interruption in Article 579 and suspension in Article 580. The trial court denied the motion. Petitioner then entered a guilty plea, subject to his right to appeal the ruling on the motion to quash. He was sentenced to 30 years in prison.

Petitioner's appellate brief set forth arguments regarding how the Louisiana code articles and related Louisiana jurisprudence should be applied to the facts of this case. The state appellate court interpreted the code articles so that Petitioner's failure to appear for the court date interrupted prescription, and it did not begin to run anew until he was arrested on the bench warrant for the failure to appear. The prosecution was timely under that interpretation. State v. Tillman, 997 So.2d 144 (La. App. 2d Cir. 2008), writ denied 18 So. 3d 85 (La. 2009).

Petitioner now seeks federal habeas corpus relief on the same grounds he argued in the state courts. He contends that the state courts were wrong in their interpretation and application of Article 578 and related articles so that his prosecution was not timely under state law.

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has stated many times that "federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011), quoting Estelle v. McGuire, 112 S.Ct. 475, 479-80 (1991). "[C]laims that the trial court improperly applied state law do not constitute an independent basis for federal habeas relief." Narvaiz v. Johnson, 134 F.3d 688, 695 (5th Cir. 1998). And a mere error of state law is not a denial of federal due process protection. Swarthout, 131 S.Ct. at 863.

The Fifth Circuit rejected a similar habeas petition in <u>Dickerson v. Guste</u>, 932 F.2d 1142, 1145 (5th Cir. 1991) when a Louisiana prisoner argued that the state courts violated the Louisiana Code of Criminal Procedure and state jurisprudence interpreting the Code. The Fifth Circuit explained that it "will not review a state court's interpretation of its own law in a federal habeas corpus proceeding" because it does not sit as a "super" state supreme court to review errors under state law. Petitioner's petition should receive a similar response. His arguments about the correctness of the Louisiana courts' application of the Code has not presented a federal claim on which habeas relief might be afforded.

Accordingly,

**IT IS RECOMMENDED** that the petition for habeas corpus relief be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of July, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE